CLERK, U.S. DISTRICT COURT

APR 2 4 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY AMARKARIAN, ) | NO. CV 08-980-PSG (E) |
| Plaintiff, ) | |
| v. ) | MEMORANDUM AND ORDER DISMISSING |
| THE CITY OF GLENDALE, et al., ) | COMPLAINT WITH LEAVE TO AMEND |
| Defendants. ) | |

### PROCEEDINGS

Plaintiff, proceeding <u>pro se</u>, filed this civil rights action on February 13, 2008 against the City of Glendale, the Glendale Police Department, and Glendale police officers Uebel and Young.  On March 12, 2008, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure ("Motion").  On April 8, 2008, Plaintiff filed an opposition challenging, <u>inter alia</u>, the Court's jurisdiction to entertain Defendants' Motion.

1

## SUMMARY OF COMPLAINT'S ALLEGATIONS

2

3       Plaintiff alleges that he responded to a pop-up ad on an Internet
4   website which notified Plaintiff that he had won a sweepstakes contest
5   and requested personal information such as Plaintiff's name and
6   address (Complaint, ¶¶ 1, 6).  A few days later Plaintiff allegedly
7   received in the mail, from someone in Nigeria, a letter informing
8   Plaintiff that Plaintiff had won $50,000, and a check in the sum of
9   $4800, purportedly representing the first installment of the $50,000
10  (id., ¶¶ 1, 7).[1]  On February 15, 2006, Plaintiff allegedly went to
11  the bank to cash the check (id., ¶ 7).  Bank personnel reportedly
12  called the Glendale police (id., ¶¶ 2-3).

13

14      Four police officers allegedly arrived, questioned Plaintiff, and
15  searched his clothing and personal possessions (id., ¶ 8).  Plaintiff
16  allegedly told the officers he had won the money and that the
17  confirming letter was in Plaintiff's car, but the officers allegedly
18  ignored Plaintiff and did not attempt to retrieve the letter (id.).
19  Officers Uebel and Young allegedly placed Plaintiff in a police car,
20  searched Plaintiff's car without Plaintiff's consent, and had the car
21  towed (id., ¶ 9).

22

23      Plaintiff allegedly was taken to the police station and booked,
24  fingerprinted and photographed (id., ¶ 10).  After approximately ten
25  hours in detention, Plaintiff allegedly was released after family
26  members posted bail (id.).  Plaintiff allegedly posted bail with a

27  _____

28      [1]   Although the Complaint refers to attached exhibits,
    there are no exhibits attached to the Complaint.

1  bail bondsman who assertedly refused to return Plaintiff's money after
2  the District Attorney dismissed the case (id.).

3

4      Plaintiff allegedly was charged with making or passing a
5  fictitious check in violation of California Penal Code section 476
6  (id., ¶ 19).  On April 17, 2008, when Plaintiff allegedly appeared at
7  arraignment, the prosecution assertedly declined to prosecute the case
8  (id., ¶ 11).  A woman from the prosecutor's office allegedly told
9  Plaintiff that he was free to go and that he was "not a criminal"
10 (id.).

11

12     The Complaint contains six claims for relief, styled "causes of
13 action."  In the First Cause of Action, Plaintiff alleges he was
14 arrested and detained without probable cause in violation of the
15 Fourth Amendment.  Plaintiff alleges Defendants knew or should have
16 known that Plaintiff had no criminal intent (id., ¶¶ 19, 21).  The
17 Second Cause of Action alleges that Defendants violated the Due
18 Process Clauses of the Fifth and Fourteenth Amendments by arresting
19 and detaining Plaintiff although allegedly knowing that "no element of
20 mens rea or actus reus was established by the Glendale police" (id.,
21 ¶ 28).  The Third Cause of Action alleges a state law claim of false
22 imprisonment based on the allegedly unlawful detention (id., ¶ 31).

23

24     The Fourth Cause of Action alleges that the Defendants failed to
25 inform Plaintiff of the "nature and cause of the accusation, including
26 the jurisdiction and venue under which [Plaintiff] was being charged,"
27 assertedly in violation of the Sixth Amendment (id., ¶ 33).  The Fifth
28 Cause of Action appears to allege that Defendants violated the Fourth

1  Amendment by failing to procure a properly verified complaint, and

2  that the absence of a verified complaint deprived the trial court of

3  jurisdiction (id., ¶¶ 36-38, 48).  The Sixth Cause of Action alleges

4  that Defendants searched Plaintiff without probable cause in violation

5  of the Fourth Amendment (id., ¶ 42).  Plaintiff seeks compensatory and

6  punitive damages (id., Prayer for Relief, pp. 24-25).

7

8                           **DEFENDANTS' CONTENTIONS**

9

10      Defendants seek dismissal of the Second, Third, Fourth and Fifth

11  claims for relief on the following grounds:

12

13      1.   Plaintiff allegedly fails to identify which allegations are

14  relevant to which Defendant;

15

16      2.   Plaintiff's claims that his arrest and detention violated the

17  Fifth and Fourteenth Amendments must be dismissed because these claims

18  are governed by the Fourth Amendment;

19

20      3.   Plaintiff's state law claim must be dismissed because

21  Plaintiff failed to comply with the presentation of claims

22  requirements of the California Tort Claims Act;

23

24      4.   Plaintiff's claim for false imprisonment allegedly is barred

25  by state law immunity statutes;

26

27      5.   Plaintiff's claim for violation of the Sixth Amendment

28  allegedly fails to state a cognizable claim for relief;

4

1      6.  Plaintiff's Fourth Amendment Claim allegedly is so vague that

2 Defendants cannot reasonably frame a response; and

3

4      7.  The Glendale Police Department allegedly is not a suable

5 entity.

6

7                         **DISCUSSION**

8

9 **I.   Jurisdiction**

10

11     Although Plaintiff invokes this Court's jurisdiction in this

12 federal civil rights case, he nevertheless contends that the Court

13 lacks jurisdiction to hear and determine Defendants' Motion.

14 Plaintiff appears to argue that, at least with respect to Defendants'

15 Motion, this Court acts as a legislative or "territorial" Court rather

16 than as a Court exercising the judicial power conferred in Article III

17 of the Constitution.  This argument is completely without merit.  See

18 U.S. Const. art III; 28 U.S.C. §§ 84, 132, 1331, 1343(a); Smith v.

19 Kitchen, 156 F.3d 1025, 1029-30 (10th Cir. 1997) (rejecting "bizarre"

20 argument that by captioning its documents "UNITED STATES DISTRICT

21 COURT" the District Court was functioning as a "territorial" court

22 rather than as an Article III court).

23

24 **II.  Motion to Dismiss**

25

26     **A.   Governing Standards**

27

28     "To survive a motion to dismiss for failure to state a claim

1  under Rule 12(b)(6), a complaint generally must satisfy only the
2  minimal notice pleading requirements of [Federal] Rule [of Civil
3  Procedure] 8(a)(2)." Porter v. Jones, 319 F.3d 483, 494 (9th Cir.
4  2003). "Federal Rule of Civil Procedure 8(a)(2) requires only a
5  'short and plain statement of the claim showing that the pleader is
6  entitled to relief.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200
7  (2007). "Specific facts are not necessary; the statement need only
8  give the defendant fair notice of what the claim is and the grounds
9  upon which it rests." Id. (quoting Bell Atlantic Corp. v. Twombly,
10  127 S. Ct. 1955, 1964 (2007) (internal quotations and ellipses
11  omitted)). "In addition, when ruling on a defendant's motion to
12  dismiss, a judge must accept as true all of the factual allegations
13  contained in the complaint." Erickson v. Pardus, 127 S. Ct. at 2200
14  (citations omitted). "Generally a court may not consider material
15  beyond the complaint in ruling on a Fed.R.Civ.P. 12(b)(6) motion."
16  Intri-Plex Technologies, Inc. v. Crest Group, Inc., 499 F.3d 1048,
17  1052 (9th Cir. 2007) (citation and footnote omitted).

18

19     "A document filed pro se is to be liberally construed [citation],
20  and a pro se complaint, however inartfully pleaded, must be held to
21  less stringent standards than formal pleadings drafted by lawyers."
22  Erickson v. Pardus, 127 S. Ct. at 2200 (citations omitted). A court
23  may not dismiss a complaint without leave to amend unless "it is
24  absolutely clear that the deficiencies of the complaint could not be
25  cured by amendment." Karim-Panahi v. Los Angeles Police Dep't, 839
26  F.2d 621, 623 (9th Cir. 1988) (citations and quotations omitted).
27  ///
28  ///

6

1   "A motion for more definite statement pursuant to Rule 12(e) [of
2   the Federal Rules of Civil Procedure] attacks the unintelligibility of
3   the complaint, not simply the mere lack of detail, and therefore, a
4   court will deny the motion where the complaint is specific enough to
5   apprise the defendant of the substance of the claim being asserted."
6   Beery v. Hitachi Home Electronics (America), Inc., 157 F.R.D. 477, 480
7   (C.D. Cal. 1993); see also True v. American Honda Motor Co., 520 F.
8   Supp. 2d 1175, 1179 (C.D. Cal. 2007) (motion for more definite
9   statement proper "only where the complaint is so indefinite that the
10  defendant cannot ascertain the nature of the claim being asserted.")
11  (citations and internal quotations omitted).  "Motions for a more
12  definite statement are generally disfavored, and are rarely granted
13  given the liberal pleading standards of [Fed. R. Civ. P.] Rule 8(a)."
14  Saylor v. Zeenat, Inc., 2002 WL 33928621 (E.D. Cal. Aug. 13, 2002)
15  (citation omitted).  "Parties are expected to use discovery, not the
16  pleadings, to learn the specifics of the claim being asserted."  True
17  v. American Honda Motor Co., 520 F. Supp. 2d at 1179-80 (citations and
18  internal quotations omitted).  "Where the information sought by the
19  moving party is available and/or properly sought through discovery the
20  motion should be denied."  Famolare, Inc. v. Edison Bros. Stores,
21  Inc., 525 F. Supp. 940-45 (E.D. Cal. 1981) (quoted in Beery v. Hitachi
22  Home Electronics (America), Inc., 157 F.R.D. at 480).

24   **B.   The Complaint Sufficiently Sets Forth the Allegations**
25   **Related to Each Defendant.**

27   Defendants contend that the Complaint insufficiently notifies
28  each individual Defendant of the allegations with which he is charged.

7

1  Plaintiff names only two individual Defendants: Officers Uebel and

2  Young.  Plaintiff alleges that, at the bank, Plaintiff was approached

3  by a police officer dressed in black and three other officers, who

4  questioned and searched Plaintiff (Complaint, ¶ 8).  Plaintiff also

5  alleges that even though he told "Defendants" the location of the

6  letter in Plaintiff's car, they did not attempt to obtain the letter

7  (id.).  One readily can infer from these allegations that Plaintiff is

8  asserting the two Defendant officers were among the group of four who

9  questioned and searched Plaintiff, and who failed to obtain the letter

10 from Plaintiff's car.  Plaintiff also alleges that "police officers"

11 placed Plaintiff in a police car, and then searched Plaintiff's car

12 and caused it to be towed (id., ¶ 9).  At the end of this paragraph,

13 Plaintiff identifies the officers as Defendants Uebel and Young (id.).

14 Plaintiff also alleges that "Defendants" charged Plaintiff without

15 probable cause (id., ¶ 19), and unlawfully arrested and detained

16 Plaintiff (id., ¶¶ 28, 31).  These allegations suffice to put the

17 individual Defendants on notice of the claims asserted against them.

18

19      **C.   <u>Plaintiff Cannot Assert a Due Process Violation Based</u>**

20          **<u>Upon Allegations of Illegal Search and Seizure or False</u>**

21          **<u>Arrest.</u>**

22

23      Under <u>Albright v. Oliver</u>, 510 U.S. 266 (1994), and <u>Graham v.</u>

24 <u>Connor</u>, 490 U.S. 386 (1989), the Fourth Amendment, not the Due Process

25 Clause, governs claims for unlawful search and seizure and false

26 arrest brought pursuant to 42 U.S.C. section 1983.  <u>See</u> <u>Awabdy v. City</u>

27 <u>of Adelanto</u>, 368 F.3d 1062, 1069 (9th Cir. 2004) ("The principle that

28 <u>Albright [v. Oliver]</u> establishes is that no substantive due process

1  right exists under the Fourteenth Amendment to be free from
2  prosecution without probable cause.") (citations omitted); <u>Fontana v.</u>
3  <u>Haskin</u>, 262 F.3d 871, 879-80 (9th Cir. 2001) (Fourth Amendment
4  prohibition against unreasonable search and seizure "continues to
5  apply after an arrestee is in the custody of the arresting officers")
6  (citations and footnote omitted); <u>Picray v. Sealock</u>, 138 F.3d 767, 770
7  (9th Cir. 1998) (Fourth Amendment governed claim challenging
8  plaintiff's arrest for wearing political buttons to polls); <u>Larson v.</u>
9  <u>Neimi</u>, 9 F.3d 1397, 1400-01 (9th Cir. 1993) ("Fourth Amendment
10 standards must be used when a person asserts that a public official
11 has illegally seized him").  Therefore, Plaintiff's Second Cause of
12 Action alleging that his arrest and detention violated Due Process
13 must be dismissed without leave to amend.
14
15        **D.     The Third Cause of Action Is Insufficient Because**
16                 **Plaintiff Has Failed to Allege Compliance with the**
17                 **Claims Presentation Requirements of the California Tort**
18                 **Claims Act.**
19
20        In order to allege a state law tort claim against a public entity
21 or public employees, a plaintiff must allege compliance with the
22 presentment of claims requirements of the California Tort Claims Act.
23 <u>See</u> Cal. Gov't Code §§ 945.4, 950.2; <u>Karim-Panahi v. Los Angeles</u>
24 <u>Police Dep't</u>, 839 F.2d at 627; <u>Fisher v. Pickens</u>, 225 Cal. App. 3d
25 708, 718, 275 Cal. Rptr. 487 (1990).  "Before a civil action may be
26 brought against a public entity, a claim must first be presented to
27 the public entity and rejected." <u>Ocean Servs. Corp. v. Ventura Port</u>
28 <u>Dist.</u>, 15 Cal. App. 4th 1762, 1775, 19 Cal. Rptr. 2d 750 (1993); Cal.

1  Gov't Code § 945.4; see also Brown v. Yates, 2008 WL 928119, at *3

2  (E.D. Cal. Apr. 4, 2008) ("Presentation of a written claim and action

3  on, or rejection of, the claim are conditions to suit.") (citations

4  omitted).  "[F]ailure to timely present a claim for money or damages

5  to a public entity bars a plaintiff from filing a lawsuit against that

6  entity."  City of Stockton v. Superior Court, 42 Cal. 4th 730, 738, 68

7  Cal. Rptr. 3d 295, 171 P.3d 20 (2007) (citation and internal

8  quotations omitted).  A plaintiff "must allege facts demonstrating or

9  excusing compliance with the claim presentation requirement."  State

10  of Calif. v. Superior Court of Kings County, 32 Cal. 4th 1234, 1243,

11  13 Cal. Rptr. 3d 534, 90 P.3d 116 (2004).

12

13       Plaintiff has not alleged compliance with the claims presentation

14  procedures of the California Tort Claims Act.  Therefore, the state

15  law claim contained in the Third Cause of Action must be dismissed.[2]

16  ///

17  ///

18  ///

19  ///

20

21       [2]    Plaintiff attaches to the Opposition a purported letter

22  from Plaintiff to the City of Glendale Department of Finance,
   dated February 5, 2008, bearing the notation "RE:  A TORT CLAIM"

23  (see Opposition Ex. A).  As indicated previously, in ruling on a
   motion to dismiss, the Court generally may not consider matters

24  outside the complaint.  See Intri-Plex Technologies, Inc. v.
   Crest Group, Inc., 499 F.3d at 1052.  However, the Court may

25  consider allegations in Plaintiff's Opposition in deciding

26  whether to grant leave to amend.  See Broam v. Bogan, 320 F.3d
   1023, 1026 n.2 (9th Cir. 2003).  While Plaintiff's exhibit is

27  insufficient to show compliance with the California Tort Claims
   Act, it may be that Plaintiff will be able to plead such

28  compliance in an amended complaint.

1  **E.    The State Immunity Statutes Upon Which Defendants Rely Do**

2      **Not Immunize Defendants From Liability for False**

3      **Imprisonment.**

4

5      Defendants contend that two state immunity statutes, California

6  Government Code section 820.2 and section 821.6,[3] immunize them from

7  liability on the Third Cause of Action for false imprisonment.[4]  This

8  contention lacks merit.  See Asgari v. City of Los Angeles, 15 Cal.

9  4th 744, 63 Cal. Rptr. 2d 842, 937 P.2d 273 (1997) ("Under California

10  law, a police officer is granted statutory immunity from liability for

11  ———————————————————

12      [3]    California Government Code section 820.2 shields a
   public employee from liability for injury "resulting from his act
13  or omission where the act or omission was the result of the
   exercise of discretion vested in him, whether or not such
14  discretion be abused."  California Government Code section 816.2
   provides that a public employee is not liable "for injury caused
15  by his instituting or prosecuting any judicial or administrative
   proceeding within his scope of employment, even if he acts
16  maliciously and without probable cause."  California Government
   Code section 815.2(b) provides: "Except as otherwise provided by
17  statute, a public entity is not liable for an injury resulting
   from an act or omission of any employee of the public entity
18  where the employee is immune from liability."
19
   [4]    Defendants do not assert, nor could they, that
20  California's immunity statutes apply to Plaintiff's federal civil
   rights claims.  See Martinez v. California, 444 U.S. 277, 284 n.8
21  (1980) ("Conduct by persons acting under color of state law which
   is wrongful under 42 U.S.C. 1983 or § 1985(3) cannot be immunized
22  by state law.  A construction of the federal statute which
   permitted a state immunity defense to have controlling effect
23  would transmute a basic guarantee into an illusory promise; and
   the supremacy clause of the Constitution insures that the proper
24  construction may be enforced.") (citation and internal quotations
   omitted); see also Howlett v. Rose, 496 U.S. 356, 377-78 (1990);
25
26  Kimes v. Stone, 84 F.3d 1121, 1127 (9th Cir. 1996).

27      Nor does the Motion assert qualified immunity, as
   Plaintiff appears to believe.
28

11

malicious prosecution, but not for false arrest and imprisonment.")
(citations and footnote omitted); <u>Sullivan v. County of Los Angeles</u>,
12 Cal. 3d 710, 117 Cal. Rptr. 241, 527 P.2d 865 (1974) (section 821.6
provides no immunity for false imprisonment); <u>Gillan v. City of San
Marino</u>, 147 Cal. App. 4th 1033, 1048-49, 55 Cal. Rptr. 3d 158 (2007)
(same); <u>Martinez v. City of Los Angeles</u>, 141 F.3d 1373, 1379 (9th Cir.
1998) (section 820.2 provides no immunity for false imprisonment);
<u>Medora v. City & County of San Francisco</u>, 2007 WL 2522319, at *12 n.2
(N.D. Cal. Aug. 31, 2007) (section 821.6 provides no immunity for
false imprisonment); Cal. Gov't Code § 820.4 ("A public employee is
not liable for his act or omission, exercising due care, in the
execution or enforcement of any law.  Nothing in this section
exonerates a public employee from liability for false arrest or false
imprisonment.").  Dismissal of the Third Cause of Action on state law
immunity grounds is not appropriate.

     **F.**    <u>**The Fourth Cause of Action Fails to State a Cognizable**</u>
             <u>**Claim for Relief.**</u>

     "The Sixth Amendment guarantees a criminal defendant the
fundamental right to be informed of the nature and cause of the
charges made against him so as to permit adequate preparation of a
defense." <u>Gautt v. Lewis</u>, 489 F.3d 993, 1002 (9th Cir. 2007)
(citations omitted).  In the Fourth Cause of Action, Plaintiff alleges
a Sixth Amendment violation, asserting that he "was <u>never</u> informed of
the nature and cause of the accusation, including the jurisdiction and
venue under which [Plaintiff] was being charged with a violation of
the law" (Complaint, ¶ 33) (emphasis added).  Defendants contend this

1   claim is insufficient because a defendant does not have a Sixth

2   Amendment right to be informed of the nature and cause of the

3   accusation until the government "has committed itself to prosecution"

4   (see Defendants' Memorandum of Points and Authorities, p. 7 (citing

5   <u>Kladis v. Brezek</u>, 823 F.2d 1014, 1018 (7th Cir. 1987)).   Plaintiff

6   alleges that, on April 17, 2006, he "came to court for arraignment"

7   (Complaint, ¶ 11).[5]

8

9        In any event, Plaintiff alleges that Defendants charged Plaintiff

10  with a violation of California Penal Code section 476, indicating

11  Plaintiff was made aware of the nature of the charge against him (see

12  Complaint, ¶ 19).   Because Plaintiff's factual allegations belie his

13  claim that he never received notice of the nature and cause of the

14  charge, the Fourth Cause of Action is dismissed.

15

16  **G.   The Fifth Cause of Action**

17

18       The Fifth Cause of Action commences: "VIOLATION OF THE FOURTH

19  AMENDMENT ALLEGATIONS ARE NOT SUPPORTED BY OATH OR AFFIRMATION THERE

20  IS NO VERIFIED COMPLAINT IN THIS MATTER" (Complaint, p. 16).   The

21  claim, which is confused and verbose, consists largely of legal

22  argument apparently in support of the proposition that the Fourth

23  Amendment requires that a criminal complaint be verified, or verified

24  in a certain manner.   Plaintiff alleges: "Defendants did not have an

25  accusatory instrument signed under oath as part of this complaint, as

26  _____

27       [5]   Elsewhere in the Complaint, Plaintiff appears to
    contend he received a notice to appear (see Complaint, ¶¶ 45,
28  48).

13

1   required in the Fourth Amendment" (Complaint, ¶ 38).  Plaintiff

2   alleges that the "Notice to Appear or Citation Failed to Confer

3   Subject Matter Jurisdiction to the Trial Court" (Complaint, ¶¶ 45, 48)

4   (emphasis deleted).  According to Plaintiff:

5

6       The Defendants did not have a current agreement in writing

7       by which [Plaintiff] waived any rights knowingly,

8       intelligently and voluntarily, see <u>Brady v. United States</u>,

9       397 U.S. [742] at 748 [(1970)].  As a result of the

10      foregoing, the Defendants violated my rights under the

11      Fourth Amendment by issuing an accusatory instrument that

12      was not under oath and without without [sic] probable cause.

13      The Defendants did not obtain a verified complaint signed

14      under oath, with a jurat, whereby a complainant signed their

15      name and a second person, someone qualified to administer

16      oaths, signed their name saying that they administered an

17      oath.  There was never any document presented in court or

18      before going to court conforming to the Fourth Amendment

19      requirements outlined above, with an oath administered by

20      someone qualified to administer oaths.  The oath is a

21      safeguard against malicious prosecution.  The Defendants

22      named either knew or should have known that this was a clear

23      violation of federal law.

24

25   (Complaint, ¶ 38).

26

27      Although the Complaint is unclear, it appears that Plaintiff may

28   have received a misdemeanor notice to appear issued pursuant to

1 │ California Penal Code section 853.6.  Under California Penal Code
2 │ section 853.9(a), a copy of the notice to appear may be filed with the
3 │ magistrate in lieu of a verified complaint, and, so filed, it
4 │ constitutes a complaint to which a defendant may plead guilty or not
5 │ guilty.

6 │

7 │     To the extent Plaintiff contends that the Fourth Amendment
8 │ requires a criminal complaint to be verified, Plaintiff is mistaken.
9 │ See <u>Church v. United States</u>, 412 F.2d 836, 838 (9th Cir. 1969); <u>United</u>
10 │ <u>States v. Pickard</u>, 207 F.2d 472, 474-75 (9th Cir. 1953).[6]  To the
11 │ extent Plaintiff contends that the Fourth Amendment requires that an
12 │ arrest or search warrant be verified by affidavit executed before a
13 │ notary public, rather than by declaration, Plaintiff is mistaken.  <u>See</u>
14 │ <u>United States v. Bueno-Vargas</u>, 383 F.3d 1104, 1100-01 (9th Cir. 2004),
15 │ <u>cert. denied</u>, 543 U.S. 1129 (2005).  To the extent Plaintiff
16 │ challenges the allegedly improper verification of an arrest or search
17 │ warrant, Plaintiff's claim is insufficient because the facts alleged
18 │ indicate Plaintiff was arrested and searched without a warrant.  The
19 │ Fifth Cause of Action must be dismissed.

20 │

21 │     **H.    <u>The Glendale Police Department May Be Sued in This Action.</u>**

22 │

23 │     Contrary to Defendants' assertion, a California police department

24 │ ─────────────────────

25 │     [6]    Indeed, in the case on which Plaintiff relies, <u>Weeks v.</u>
<u>United States</u>, 216 F. 292 (2d Cir.), <u>cert. denied</u>, 235 U.S. 697
26 │ (1914), the court held that the Fourth Amendment did not require
the verification of a criminal charge, unless the charging
27 │ document was used to support an arrest warrant.  <u>Id.</u> at 302.  It
appears from the Complaint that the officers assertedly arrested
28 │ Plaintiff without a warrant.

1   is a suable entity.  See Streit v. County of Los Angeles, 236 F.3d

2   552, 565-66 (9th Cir.), cert. denied, 534 U.S. 823 (2001); Karim-

3   Panahi v. Los Angeles Police Dep't, 839 F.2d at 624 n.2.

4

5                   **CONCLUSION AND ORDER**

6

7      Defendants' Motion to Dismiss is granted in part and denied in

8   part.  The Second Cause of Action is dismissed without leave to amend.

9   The Complaint otherwise is dismissed with leave to amend.  If

10   Plaintiff still wishes to pursue this action, he is granted thirty

11   (30) days from the date of this Memorandum and Order within which to

12   file a First Amended Complaint.  The First Amended Complaint shall be

13   complete in itself.  It shall not refer in any manner to any prior

14   complaint.  Plaintiff shall not add new Defendants without leave of

15   court.  See Fed. R. Civ. P. 21.  Failure to file timely a First

16   Amended Complaint may result in the dismissal of this action.

17

18      Defendants' Motion for a More Definite Statement is denied as

19   moot.

20

21        IT IS SO ORDERED.

22        4/23/08

23                      PHILIP S. GUTIERREZ
                       UNITED STATES DISTRICT JUDGE

24

25   Presented this 21st day of

26   April, 2008, by

27

          CHARLES F. EICK

28   UNITED STATES MAGISTRATE JUDGE