FILED
CLERK, U.S. DISTRICT COURT

JUL 3 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TONY AMARKARIAN, | ) NO. CV 08-980-PSG(E) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND ORDER DISMISSING |
| THE CITY OF GLENDALE, et al., | ) FIRST AMENDED COMPLAINT WITH |
| Defendants. | ) LEAVE TO AMEND |

**BACKGROUND**

Plaintiff, proceeding pro se, filed this civil rights action on February 13, 2008, against the City of Glendale, the Glendale Police Department, and Glendale police officers Uebel and Young. The original Complaint alleged that, on February 15, 2006, Plaintiff went to a bank to cash a check assertedly sent to Plaintiff from someone in Nigeria after Plaintiff allegedly responded to an Internet ad purportedly stating that Plaintiff had won a sweepstakes contest (Complaint, ¶¶ 1, 7). Plaintiff alleged that Defendant police officers appeared at the bank, searched and arrested Plaintiff, and

1    caused Plaintiff's car to be towed, assertedly without heeding

2    Plaintiff's attempt to explain his possession of the check and

3    Plaintiff's protestations that a document in Plaintiff's car

4    assertedly supported Plaintiff's explanation (Complaint, ¶¶ 8-9).

5    After allegedly being held at the police station for ten hours,

6    Plaintiff assertedly was released (Complaint, ¶ 10).  Plaintiff

7    allegedly was charged with making or passing a fictitious check in

8    violation of California Penal Code section 476, but the prosecution

9    assertedly declined to prosecute the case (Complaint, ¶¶ 11, 19).  The

10   original Complaint alleged claims for violation of the Fourth and

11   Sixth Amendments and Due Process and a state law false imprisonment

12   claim.

13

14      On March 12, 2008, Defendants filed a motion to dismiss pursuant

15   to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the

16   alternative for a more definite statement pursuant to Rule 12(e) of

17   the Federal Rules of Civil Procedure.  Defendants asserted, <u>inter</u>

18   <u>alia</u>, that Plaintiff's state law false imprisonment claim was

19   insufficient because Plaintiff failed to plead compliance with the

20   claims presentation procedures of the California Tort Claims Act.  On

21   April 8, 2008, Plaintiff filed a verified opposition to Defendants'

22   motion.  On April 23, 2008, the Court issued a Memorandum and Order

23   granting in part and denying in part Defendants' motion to dismiss,

24   denying Defendants' motion for a more definite statement as moot, and

25   dismissing the Complaint with leave to amend.  Among other things, the

26   Court ruled that Plaintiff's state law claim was insufficient because

27   the Complaint failed to plead compliance with the claims presentation

28   requirements of the California Tort Claims Act.

On May 19, 2008, Plaintiff filed a verified First Amended
Complaint containing virtually the same factual allegations as
contained in the original Complaint.  The First Amended Complaint
alleges Fourth Amendment claims and a state law claim for false
imprisonment.  On June 8, 2008, Defendants filed a "Notice of Motion
and Motion to Dismiss First Amended Complaint, etc." ("Motion to
Dismiss"), seeking dismissal of Plaintiff's state law claim for false
imprisonment on the ground that Plaintiff again has failed to plead
compliance with the claims presentation procedures of the California
Tort Claims Act.  On June 25, 2008, Plaintiff filed a verified
"Memorandum of Points and Authorities in Support of Plaintiff's
Opposition to Defendants['] Motion to Dismiss Complaint"
("Opposition").

**DISCUSSION**

Under California law, in order to allege a state tort claim
against a public entity or public employees, a plaintiff must allege
compliance with the claims presentation requirements of the California
Tort Claims Act.  See Cal. Gov't Code §§ 945.4, 950.2; <u>Karim-Panahi v.
Los Angeles Police Dep't</u>, 839 F.2d 621, 627 (9th Cir. 1988); <u>Fisher v.
Pickens</u>, 225 Cal. App. 3d 708, 718, 275 Cal. Rptr. 487 (1990).
"Before a civil action may be brought against a public entity, a claim
must first be presented to the public entity and rejected."  <u>Ocean
Servs. Corp. v. Ventura Port Dist.</u>, 15 Cal. App. 4th 1762, 1775, 19
Cal. Rptr. 2d 750 (1993); Cal. Gov't Code § 945.4; <u>see also</u> <u>Brown v.
Yates</u>, 2008 WL 928119, at *3 (E.D. Cal. Apr. 4, 2008) ("Presentation
of a written claim and action on, or rejection of, the claim are

3

1  conditions to suit.") (citations omitted).  Claims for personal injury
2  and property damage must be presented within six months after accrual.
3  See Cal. Gov't Code § 911.2(a); City of Stockton v. Superior Court,
4  42 Cal. 4th 730, 738, 68 Cal. Rptr. 3d 295, 171 P.3d 20 (2007).
5  "[F]ailure to timely present a claim for money or damages to a public
6  entity bars a plaintiff from filing a lawsuit against that entity."
7  City of Stockton v. Superior Court, 42 Cal. 4th at 738 (citation and
8  internal quotations omitted).  A plaintiff "must allege facts
9  demonstrating or excusing compliance with the claim presentation
10  requirement."  State of Calif. v. Superior Court of Kings County,
11  32 Cal. 4th 1234, 1243, 13 Cal. Rptr. 3d 534, 90 P.3d 116 (2004).
12
13      Plaintiff's claim for false imprisonment accrued on the date
14  Plaintiff was released from custody.  See Scannell v. County of
15  Riverside, 152 Cal. App. 3d 596, 606-07, 199 Cal. Rptr. 644 (1984).
16  The First Amended Complaint alleges that Plaintiff spent approximately
17  ten hours in detention on February 15, 2006, and was released at about
18  11:45 p.m. that evening (First Amended Complaint, ¶ 12, p. 8).  Hence,
19  for purposes of the California Tort Claims Act, Plaintiff's false
20  imprisonment claim accrued on February 15, 2006.
21
22      The original Complaint did not contain allegations showing
23  compliance with the claims presentation procedures of the California
24  Tort Claims Act.  In Plaintiff's opposition to Defendants' motion to
25  dismiss the original Complaint, Plaintiff asserted:
26
27      *Just before I filed this lawsuit*, I mailed a tort claim to
28      the City of Glendale, thereby exhausting my administrative

4

1      remedies.   The tort claim was summarily rejected.

2

3 ("Plaintiff's Opposition to Defendant's [sic] Motion to Dismiss

4 Complaint," filed April 8, 2008, p. 5) (emphasis added).   Plaintiff

5 also attached to that opposition a copy of a two-page typed letter to

6 the City of Glendale Department of Finance in which Plaintiff

7 described the alleged incident and requested damages (id., Ex. A).

8 Both pages of this letter bore a date line on which was handwritten

9 the date February 5, 2008.   The letter also bore a stamp marked "City

10 Clerk" and the date of February 11, 2008, and contained several

11 handwritten notations.[1]

12

13      In the verified First Amended Complaint, Plaintiff alleges:

14

15      *I recently submitted a tort claim, just prior to the filing*

16      *of this lawsuit, to the City of Glendale, which was rejected*

17      *out of hand, see **Exhibit D**.*

18

19 (First Amended Complaint, ¶ 13, p. 8) (original emphasis).

20

21      There are two documents labeled Exhibit D attached to the First

22 Amended Complaint.   One of the documents labeled Exhibit D appears to

23 be a copy of the exhibit attached to Plaintiff's opposition to the

24 motion to dismiss the original Complaint, i.e., the February 5, 2008

25 _____

26      [1]    Although the Court did not consider this letter in
ruling on the sufficiency of the original Complaint, the Court
27 did consider the letter in deciding whether to grant leave to
amend (see "Memorandum and Order Dismissing Complaint with Leave
28 to Amend," filed April 24, 2008, at n.2).

letter to the City of Glendale Department of Finance, including the
City Clerk's stamp and the handwritten notations.  The other document
labeled Exhibit D appears to be an identical copy of that letter,
except that the date line on both pages bears the date <u>August 5, 2006</u>,
and the document does not bear the City Clerk's stamp or the
handwritten notations.

        The First Amended Complaint fails sufficiently to plead timely
compliance with the California Tort Claims Act.  Plaintiff has labeled
two nonidentical documents as "Exhibit D."  Given the fact that one of
the Exhibit D's is dated in 2008, the First Amended Complaint's
ambiguous references to "Exhibit D" fail to allege timely compliance
with the California Tort Claims Act.  <u>See</u> Cal. Govt. Code § 911.2(a)
("A claim relating to a cause of action . . . for injury to person or
to personal property . . . shall be presented not later than six
months after the accrual of the cause of action.").

        In Plaintiff's verified Opposition to the present Motion to
Dismiss, Plaintiff alleges that "[t]he tort claim was filed in a
timely way" (Opposition, ¶ 9, p. 6).  Plaintiff also alleges:

>        In August of 2006, and Just [sic] before I filed this
>        lawsuit, I mailed a tort claim to the City of Glendale in
>        August 2006, thereby exhausting my administrative remedies.
>        A second tort claim was sent.  The tort claims was summarily
>        rejected, see **Exhibit D.**

(Opposition, ¶ 8, p. 5) (original emphasis).  Plaintiff attaches to

the Opposition a copy of Plaintiff's February 5, 2008 letter to the
City of Glendale Department of Finance, but does not attach a copy of
the purported August 5, 2006 letter.   Again, the Court will not
consider matters alleged in Plaintiff's Opposition in determining the
sufficiency of the First Amended Complaint.   See Broam v. Brogan, 320
F.3d 1023, 1026 n.2 (9th Cir. 2003).   The false imprisonment claim in
the First Amended Complaint must be dismissed for failure to allege
timely compliance with the claims presentation requirements of the
California Tort Claims Act.

The Court will grant Plaintiff leave to amend.   See Broam v.
Brogam, 320 F.3d at 1026 n.2 (court may consider allegations in
opposition in determining whether to dismiss complaint with leave to
amend).   However, under the circumstances, the Court deems it
appropriate to caution Plaintiff regarding the following, in the event
Plaintiff chooses to file a Second Amended Complaint:

Rule 11 of the Federal Rules of Civil Procedure provides:

By presenting to the court a pleading, written motion, or
other paper--whether by signing, filing, submitting, or
later advocating it--an attorney or unrepresented party
certifies that to the best of the person's knowledge,
information, and belief, formed after an inquiry reasonable
under the circumstances:

(1)   it is not being presented for any improper purpose,
such as to harass, cause unnecessary delay, or needlessly

1     increase the cost of litigation;

2

3     (2)   the claims, defenses, and other legal contentions are

4     warranted by existing law or by a nonfrivolous argument for

5     extending, modifying, or reversing existing law or for

6     establishing new law;

7

8     (3)   the factual contentions have evidentiary support or, if

9     specifically so identified, will likely have evidentiary

10    support after a reasonable opportunity for further

11    investigation or discovery; and

12

13    (4)   the denials of factual contentions are warranted on the

14    evidence or, if specifically so identified, are reasonably

15    based on belief or a lack of information.

16

17  A court may impose Rule 11 sanctions against a pro se litigant.

18  See Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir.

19  1996); Walker v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994).

20

21     Furthermore, it is "well settled" that a court has inherent

22  authority to dismiss an action or otherwise sanction a party where "a

23  party has engaged deliberately in deceptive practices that undermine

24  the integrity of the proceedings."   Anheuser-Busch, Inc. v. Natural

25  Beverage Distributors, 69 F.3d 337, 348 (9th Cir. 1995); see also

26  Greenburg v. Roberts Properties, Ltd., 246 Fed. App'x 500 (9th Cir.

27  Aug. 30, 2007) (affirming dismissal of pro se litigant's complaint and

28  award of $136,115 in attorney's fees, where plaintiff attached forged

1  documents as exhibit to complaint)²; <u>Connecticut General Life</u>

2  <u>Insurance Co. v. New Images of Beverly Hills</u>, 482 F.3d 1091, 1094-97

3  (9th Cir. 2007) (affirming default judgment as sanction for, <u>inter</u>

4  <u>alia</u>, representing falsely to the court that a bankruptcy stay existed

5  until July and photocopying bankruptcy court's docket in such a way as

6  to make it appear that bankruptcy court's March order granting relief

7  from stay was issued in July); <u>Elliott v. M/V Lois B.</u>, 980 F.2d 1001,

8  1007 (5th Cir. 1993) (affirming award of $35,000 in attorney's fees as

9  sanctions under Rule 11, where plaintiff falsely pleaded she acquired

10  title to boat, but the purported transfer of title had been

11  accomplished with backdated documents); <u>Combs v. Rockwell Int. Corp</u>,

12  927 F.2d 486, 488-89 (9th Cir. 1991), <u>cert. denied</u>, 502 U.S. 859

13  (1991) (affirming dismissal where plaintiff authorized his counsel to

14  make material alterations to plaintiff's deposition testimony and

15  falsely stated under oath that plaintiff had reviewed the transcript

16  and made the changes himself); <u>Eppes v. Snowden</u>, 656 F. Supp. 1267,

17  1276-79 (E.D. Ky. 1986) (dismissing insured's counterclaim where

18  insured backdated documents regarding insured property).

19

20                          **CONCLUSION AND ORDER**

21

22       The Motion to Dismiss is granted.  The First Amended Complaint is

23  dismissed with leave to amend.  If Plaintiff still wishes to pursue

24  this action, he is granted thirty (30) days from the date of this

25  Memorandum and Order within which to file a Second Amended Complaint.

26  _____

27       ²    The Court may cite unpublished Ninth Circuit opinions
    issued on or after January 1, 2007.  <u>See</u> U.S. Ct. App. 9th Cir.
28  Rule 36-3(b); Fed. R. App. P. 32.1(a).

1 The Second Amended Complaint shall be complete in itself. It shall

2 not refer in any manner to any prior complaint. Failure to file

3 timely a Second Amended Complaint may result in the dismissal of this

4 action.

5

6    IT IS SO ORDERED.

7

8  7/2/08

9                                           _____
                                            PHILIP S. GUTIERREZ
10                                          UNITED STATES DISTRICT JUDGE

11

12

13 Presented this 30th day of

14 June, 2008, by

15

16 _____
       CHARLES F. EICK
17 UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28