FILED
CLERK, U.S. DISTRICT COURT

AUG 14 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TONY AMARKARIAN, | ) NO. CV 08-980-PSG(E) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND ORDER DISMISSING |
| THE CITY OF GLENDALE, et al., | ) SECOND AMENDED COMPLAINT WITH |
| Defendants. | ) LEAVE TO AMEND |

For the reasons discussed below, the Complaint is dismissed with leave to amend. See Sparling v. Hoffman Const. Co., 864 F.3d 635, 638 (9th Cir. 1988) ("[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim") (citation and internal quotations omitted).

Plaintiff, proceeding pro se, filed this civil rights action on February 13, 2008, against the City of Glendale, the Glendale Police Department, and Glendale police officers Uebel and Young. The original Complaint alleged that, on February 15, 2006, Plaintiff went to a bank to cash a check assertedly sent to Plaintiff from someone in

Nigeria after Plaintiff allegedly responded to an Internet ad purportedly stating that Plaintiff had won a sweepstakes contest (Complaint, ¶¶ 1, 7). Plaintiff alleged that Defendant police officers appeared at the bank, searched and arrested Plaintiff, and caused Plaintiff's car to be towed, assertedly without heeding Plaintiff's attempt to explain his possession of the check and Plaintiff's protestations that a document in Plaintiff's car assertedly supported Plaintiff's explanation (Complaint, ¶¶ 8-9). After allegedly being held at the police station for ten hours, Plaintiff assertedly was released (Complaint, ¶ 10). Plaintiff allegedly was charged with making or passing a fictitious check in violation of California Penal Code section 476, but the prosecution assertedly declined to prosecute the case (Complaint, ¶¶ 11, 19). The original Complaint alleged claims for violation of the Fourth and Sixth Amendments and Due Process and a state law false imprisonment claim.

On March 12, 2008, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Defendants asserted, <u>inter alia</u>, that Plaintiff's state law false imprisonment claim was insufficient because Plaintiff failed to plead compliance with the claims presentation procedures of the California Tort Claims Act. On April 8, 2008, Plaintiff filed a verified Opposition to Defendants' motion. In the Opposition, Plaintiff asserted:

///

///

> *Just before I filed this lawsuit*, I mailed a tort claim to the City of Glendale, thereby exhausting my administrative remedies. The tort claim was summarily rejected.

("Plaintiff's Opposition to Defendant's [sic] Motion to Dismiss Complaint," filed April 8, 2008, p. 5) (emphasis added). Plaintiff also attached to that opposition a copy of a two-page typed letter to the City of Glendale Department of Finance in which Plaintiff described the alleged incident and requested damages (id., Ex. A). Both pages of this letter bore a date line on which was handwritten the date February 5, 2008. The letter also bore a stamp marked "City Clerk" and the date of February 11, 2008, and contained several handwritten notations.[1]

On April 23, 2008, the Court issued a Memorandum and Order granting in part and denying in part Defendants' motion to dismiss, denying Defendants' motion for a more definite statement as moot, and dismissing the Complaint with leave to amend. Among other things, the Court ruled that Plaintiff's state law claim was insufficient because the Complaint failed to plead timely compliance with the claims presentation requirements of the California Tort Claims Act.

On May 19, 2008, Plaintiff filed a verified First Amended Complaint containing virtually the same factual allegations as

---

[1] Although the Court did not consider this letter in ruling on the sufficiency of the original Complaint, the Court did consider the letter in deciding whether to grant leave to amend (see "Memorandum and Order Dismissing Complaint with Leave to Amend," filed April 24, 2008, at n.2).

contained in the original Complaint, and alleging Fourth Amendment claims and a state law claim for false imprisonment. On June 8, 2008, Defendants filed a Motion to Dismiss, seeking dismissal of Plaintiff's state law claim for false imprisonment on the ground that Plaintiff again had failed to plead compliance with the claims presentation procedures of the California Tort Claims Act. On June 25, 2008, Plaintiff filed an Opposition.

On July 3, 2008, the Court issued a Memorandum and Order dismissing the First Amended Complaint with leave to amend. The Court indicated, <u>inter alia</u>, that Plaintiff alleged he "recently" had submitted a tort claim to the City of Glendale "just prior" to filing this lawsuit, and referenced an "Exhibit D." However the First Amended Complaint contained two non-identical documents labeled "Exhibit D." One of the documents appeared to be a copy of the alleged February 5, 2008 letter to the Glendale Department of Finance previously attached to Plaintiff's Opposition to Defendants' Motion to Dismiss the original Complaint, including the City's stamp and handwritten notations. The other document appeared to be an identical copy of that letter, except that it bore a date of August 5, 2006 and did not contain the City's stamp or handwritten notations.

The Court dismissed the First Amended Complaint with leave to amend, ruling that the First Amended Complaint's ambiguous references to "Exhibit D" failed to allege timely compliance with the California

Tort Claims Act.[2] The Court also advised Plaintiff that any Second Amended Complaint was required to be complete in itself, and could not refer in any manner to any prior complaint.

On August 1, 2008, Plaintiff filed a Second Amended Complaint, containing factual allegations similar to those contained in Plaintiff's prior pleadings, and alleging Fourth Amendment claims and a state law false imprisonment claim. With respect to his state law claim, Plaintiff alleges: "I mailed a tort claim notice to the defendants, which was denied. See **Exhibits D and E**." (Second Amended Complaint, p. 14, ¶ 30). Plaintiff also alleges:

> *I submitted a tort claim on or about August 5, 2006 to which I received no response and again I recently submitted a tort claim, just prior to the filing of this lawsuit, to the City of Glendale, which was rejected out of hand, see **Exhibits D and E**. As a result, I met the requirements of the California Tort Claims Act.*

(Second Amended Complaint, p. 8, ¶ 13). There are no exhibits attached to the Second Amended Complaint.

///
///

---

[2] In his Opposition to the Motion to Dismiss the First Amended Complaint, Plaintiff alleged he submitted a tort claim in August of 2006 and again just before he filed this lawsuit, and referenced an "Exhibit D." Exhibit D to that Opposition was the February 5, 2008 letter to the Glendale Department of Finance. Plaintiff did not attach a copy of any purported August 5, 2006 letter.

5

1  On August 4, 2008, several days after Plaintiff filed his Second
2  Amended Complaint, Plaintiff filed a Notice of Lodging of Exhibits and
3  lodged various Exhibits with the Court. Plaintiff does not indicate
4  that the lodged documents are the exhibits to which Plaintiff refers
5  in his Second Amended Complaint. There is no proof of service
6  attached to the Notice of Lodging of Exhibits indicating service of
7  the documents on Defendants.

9  Plaintiff has not cured the ambiguity infecting the First Amended
10 Complaint with respect to the issue of alleged compliance with the
11 California Tort Claims Act. Plaintiff cannot rely on allegations or
12 exhibits contained in earlier pleadings, for "an amended pleading
13 supersedes the original." See Hal Roach Studios, Inc. v. Richard
14 Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1989). Plaintiff's
15 belatedly lodged and unserved "Exhibits" are not part of the Second
16 Amended Complaint. Thus, the Second Amended Complaint's reference to
17 "Exhibits D and E" remains ambiguous, and the Second Amended Complaint
18 remains incomplete.

20 For the foregoing reasons, the Second Amended Complaint is
21 dismissed with leave to amend. If Plaintiff still wishes to pursue
22 this action, he is granted thirty (30) days from the date of this
23 Memorandum and Order within which to file a Third Amended Complaint.
24 The Third Amended Complaint shall be complete in itself. It shall
25 include as attachments any exhibits referenced in the Third Amended
26 Complaint. It shall not refer in any manner to any prior complaint.
27 ///
28 ///

1  Failure to file timely a Third Amended Complaint in compliance with
2  this Memorandum and Order may result in the dismissal of this action.
3
4       IT IS SO ORDERED.
5
6       DATED: _____8/11_____, 2008.
7
8
9                              _____
                                  PHILIP S. GUTIERREZ
10                                UNITED STATES DISTRICT JUDGE
11
12
13
14  Presented this 5th day of
15  August, 2008, by
16
17  _____
        CHARLES F. EICK
18      UNITED STATES MAGISTRATE JUDGE
19
20
21
22
23
24
25
26
27
28