FILED
CLERK, U.S. DISTRICT COURT

NOV 14 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

TONY AMARKARIAN,                      ) NO. CV 08-980-PSG(E)
                                      )
                Plaintiff,            )
                                      )
        v.                            ) MEMORANDUM AND ORDER
                                      )
THE CITY OF GLENDALE, et al.,         )
                                      )
                Defendants.           )
_____)

## BACKGROUND

Plaintiff, proceeding pro se, filed this civil rights action on February 13, 2008, against the City of Glendale, the Glendale Police Department, and Glendale police officers Uebel and Young. The original Complaint alleged that, on February 15, 2006, Plaintiff went to a bank to cash a check assertedly sent to Plaintiff by someone in Nigeria after Plaintiff allegedly responded to an Internet ad purportedly stating that Plaintiff had won a sweepstakes contest (Complaint, ¶¶ 1, 7). Plaintiff alleged that Defendant police officers appeared at the bank, searched and arrested Plaintiff, and

caused Plaintiff's car to be towed, assertedly without heeding Plaintiff's attempt to explain his possession of the check and Plaintiff's protestations that a document in Plaintiff's car assertedly supported Plaintiff's explanation (Complaint, ¶¶ 8-9). After allegedly being held at the police station for ten hours, Plaintiff assertedly was released (Complaint, ¶ 10). Plaintiff allegedly was charged with making or passing a fictitious check in violation of California Penal Code section 476, but the prosecution assertedly declined to prosecute the case (Complaint, ¶¶ 11, 19). The original Complaint alleged claims for violation of the Fourth and Sixth Amendments and Due Process and a state law false imprisonment claim.

On March 12, 2008, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Defendants asserted, <u>inter alia</u>, that Plaintiff's state law false imprisonment claim was insufficient because Plaintiff failed to plead compliance with the claims presentation procedures of the California Tort Claims Act. On April 8, 2008, Plaintiff filed a verified Opposition to Defendants' motion. In the Opposition, Plaintiff asserted:

> *Just before I filed this lawsuit*, I mailed a tort claim to the City of Glendale, thereby exhausting my administrative remedies. The tort claim was summarily rejected.

("Plaintiff's Opposition to Defendant's [sic] Motion to Dismiss

Complaint," filed April 8, 2008, p. 5) (emphasis added). Plaintiff also attached to that opposition a copy of a two-page typed letter to the City of Glendale Department of Finance in which Plaintiff described the alleged incident and requested damages (id., Ex. A). Both pages of this letter bore a date line on which was handwritten the date February 5, 2008. The letter also bore a stamp marked "City Clerk" and the date of February 11, 2008, and contained several handwritten notations.[1]

On April 24, 2008, the Court issued a Memorandum and Order granting in part and denying in part Defendants' motion to dismiss, denying Defendants' motion for a more definite statement as moot, and dismissing the Complaint with leave to amend. Among other things, the Court ruled that Plaintiff's state law claim was insufficient because the Complaint failed to plead timely compliance with the claims presentation requirements of the California Tort Claims Act.

On May 19, 2008, Plaintiff filed a verified First Amended Complaint containing virtually the same factual allegations as contained in the original Complaint, and alleging Fourth Amendment claims and a state law claim for false imprisonment. On June 9, 2008, Defendants filed a Motion to Dismiss, seeking dismissal of Plaintiff's state law claim for false imprisonment on the ground that Plaintiff again had failed to plead compliance with the claims presentation

_____

[1]      Although the Court did not consider this letter in ruling on the sufficiency of the original Complaint, the Court did consider the letter in deciding whether to grant leave to amend (see "Memorandum and Order Dismissing Complaint with Leave to Amend," filed April 24, 2008, at n.2).

procedures of the California Tort Claims Act.  On July 3, 2008, the Court issued a Memorandum and Order dismissing the First Amended Complaint with leave to amend.  The Court indicated, <u>inter alia</u>, that Plaintiff alleged that he "recently" had submitted a tort claim to the City of Glendale "just prior" to filing this lawsuit, and referenced an "Exhibit D."  However, the First Amended Complaint contained two non-identical documents labeled "Exhibit D."  One of the documents appeared to be a copy of the alleged February 5, 2008 letter to the Glendale Department of Finance previously attached to Plaintiff's Opposition to Defendants' Motion to Dismiss the original Complaint, including the City's stamp and handwritten notations.  The other document appeared to be an identical copy of that letter, except that it bore a date of August 5, 2006 and did not contain the City's stamp or handwritten notations.  The Court dismissed the First Amended Complaint with leave to amend, ruling that the First Amended Complaint's ambiguous references to "Exhibit D" failed to allege timely compliance with the California Tort Claims Act.

On August 1, 2008, Plaintiff filed a Second Amended Complaint, containing factual allegations similar to those contained in Plaintiff's prior pleadings, and alleging Fourth Amendment claims and a state law false imprisonment claim.  With respect to his state law claim, Plaintiff alleged: "I mailed a tort claim notice to the defendants, which was denied. See **Exhibits D and E.**" (Second Amended Complaint, p. 14, ¶ 30).  Plaintiff also alleged:

> I submitted a tort claim on or about August 5, 2006 to which
> I received no response and again I recently submitted a tort

*claim, just prior to the filing of this lawsuit, to the City
of Glendale, which was rejected out of hand, see **Exhibits D
and E.**   As a result, I met the requirements of the
California Tort Claims Act.*

(Second Amended Complaint, p. 8, ¶ 13) (original emphasis).

There were no exhibits attached to the Second Amended Complaint.[2]

Because the Second Amended Complaint failed to cure the ambiguity infecting the First Amended Complaint with respect to alleging timely compliance with the California Tort Claims Act, on August 14, 2008, the Court issued a Memorandum and Order Dismissing the Second Amended Complaint with Leave to Amend.  On September 4, 2008, Plaintiff filed a Third Amended Complaint.  On October 3, 2008, Defendants filed a Motion to Dismiss the Third Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, once again asserting that Plaintiff's state law false imprisonment claim is insufficient because Plaintiff has failed to plead compliance with the claims presentation procedures of the California Tort Claims Act.  On November 3, 2008, Plaintiff filed an Opposition to the Motion to Dismiss.

---

[2]   On August 4, 2008, several days after Plaintiff filed his Second Amended Complaint, Plaintiff filed a Notice of Lodging of Exhibits and lodged various Exhibits with the Court. Plaintiff did not indicate that the lodged documents were the exhibits to which Plaintiff refers in his Second Amended Complaint, and there was no proof of service attached to the Notice of Lodging of Exhibits indicating service of the documents on Defendants.

## STANDARDS GOVERNING MOTION TO DISMISS

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of [Federal] Rule [of Civil Procedure] 8(a)(2)." Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). "Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal quotations and ellipses omitted)). "In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. at 2200 (citations omitted). "Generally a court may not consider material beyond the complaint in ruling on a Fed.R.Civ.P. 12(b)(6) motion." Intri-Plex Technologies, Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) (citation and footnote omitted). "A document filed pro se is to be liberally construed [citation], and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S. Ct. at 2200 (citations omitted).

///

///

///

///

6

**DISCUSSION**

Under California law, in order to allege a state tort claim against a public entity or public employees, a plaintiff must allege compliance with the presentment of claims requirements of the California Tort Claims Act.  See Cal. Gov't Code §§ 945.4, 950.2; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988); Fisher v. Pickens, 225 Cal. App. 3d 708, 718, 275 Cal. Rptr. 487 (1990).  "Before a civil action may be brought against a public entity, a claim must first be presented to the public entity and rejected."  Ocean Servs. Corp. v. Ventura Port Dist., 15 Cal. App. 4th 1762, 1775, 19 Cal. Rptr. 2d 750 (1993); Cal. Gov't Code § 945.4; see also Brown v. Yates, 2008 WL 928119, at *3 (E.D. Cal. Apr. 4, 2008), adopted, 2008 WL 2915085 (E.D. Cal. July 25, 2008) ("Presentation of a written claim and action on, or rejection of, the claim are conditions to suit.") (citations omitted).  Claims for personal injury and property damage must be presented within six months after accrual.  See Cal. Gov't Code § 911.2(a); City of Stockton v. Superior Court, 42 Cal. 4th 730, 738, 68 Cal. Rptr. 3d 295, 171 P.3d 20 (2007).  "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity."  City of Stockton v. Superior Court, 42 Cal. 4th at 738 (citation and internal quotations omitted).  A plaintiff "must allege facts demonstrating or excusing compliance with the claim presentation requirement."  State of Calif. v. Superior Court of Kings County, 32 Cal. 4th 1234, 1243, 13 Cal. Rptr. 3d 534, 90 P.3d 116 (2004).  California courts "employ a test of substantial compliance rather than strict compliance in evaluating whether a plaintiff has met the

demands of the claims statutes." <u>Life v. County of Los Angeles</u>, 227 Cal. App. 3d 894, 899, 278 Cal. Rptr. 196 (1991).

Plaintiff's claim for false imprisonment accrued on the date Plaintiff was released from custody. <u>See</u> <u>Scannell v. County of Riverside</u>, 152 Cal. App. 3d 596, 606-07, 199 Cal. Rptr. 644 (1984). The Third Amended Complaint alleges that Plaintiff spent approximately ten hours in detention on February 15, 2006 and was released at about 11:45 p.m. that evening (Third Amended Complaint, ¶ 12, pp. 7-8). Hence, for purposes of the California Tort Claims Act, Plaintiff's false imprisonment claim accrued on February 15, 2006.

In the Third Amended Complaint, Plaintiff alleges:

> *I submitted a tort claim on or about August 5, 2006 to which I received no response and again I recently submitted a tort claim, just prior to the filing of this lawsuit, to the City of Glendale, which was rejected out of hand, see **Exhibits D and E**. As a result, I met the requirements of the California Tort Claims Act.*

(Third Amended Complaint, ¶ 13, p. 8). Curing the ambiguity problems with the First Amended Complaint and Second Amended Complaint, Plaintiff has attached Exhibits D and E to the Third Amended Complaint. Exhibit D is a copy of a letter, dated August 5, 2006, addressed to the Glendale Department of Finance, complaining about the incident and demanding compensation (Third Amended Complaint, Ex. D). Exhibit E is a copy of a virtually identical letter, dated February 5,

1  2008, addressed to the Glendale Department of Finance, and bearing the

2  stamp of the City Clerk and a date stamp of February 11, 2008.

3

4       Defendants assert that Plaintiff has failed to plead compliance

5  with the California Tort Claims Act because Plaintiff addressed his

6  alleged August 5, 2006 claim to the Glendale Department of Finance

7  rather than to the City's "clerk, secretary, auditor or governing

8  body," as assertedly required by California Government Code section

9  915(a) (Motion to Dismiss, p. 4). Defendants also assert that

10  Plaintiff has failed to meet his "burden of proving actual receipt" of

11  the claim (id.). Defendants contend that the February 5, 2008 claim

12  (also addressed to the Department of Finance but bearing the City

13  Clerk's stamp) was untimely.

14

15       Defendants' assertions do not justify dismissal of the Third

16  Amended Complaint. Plaintiff's allegations and Exhibits do not show,

17  on their face, that Plaintiff failed to file a timely tort claim.

18  Whether Plaintiff will be able to prove (as well as plead) that he

19  filed a timely tort claim is an issue inappropriate for resolution on

20  a motion to dismiss. See Jiang v. Lee's Happy House, 2008 WL 706529,

21  at *1 (N.D. Cal. Mar. 14, 2008) ("On a motion to dismiss under Rule

22  12(b)(6) the issue is not what plaintiff has or will be able to prove,

23  but whether the allegations, which are presumed true, are

24  sufficient.") (citation omitted). For purposes of this Motion to

25  Dismiss, the allegations of the Third Amended Complaint, liberally

26  construed, suffice to plead timely compliance with the California Tort

27  Claims Act. The Court does not at this time determine whether

28  Plaintiff in fact timely complied with the California Tort Claims Act.

## CONCLUSION AND ORDER

Defendants' Motion to Dismiss is denied, without prejudice to the reassertion in a subsequent appropriate motion of Defendants' assertion that Plaintiff failed to file a timely claim as required by the California Tort Claims Act.  Defendant shall file an Answer to the Third Amended Complaint within thirty (30) days of the date of this Memorandum and Order.

IT IS SO ORDERED.

DATED:  11/7/08                          .


_____
PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE


Presented this 5th day of
November, 2008, by


_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE